MEMORANDUM **
Curtis R. Martin, Jr., appeals from the district court’s decision, following a limited *680 remand under United States v. Ameline, 409 F.3d 1073 (9th Cir.2005) (en banc), that it would not have imposed a different sentence had it known that the Sentencing Guidelines were advisory. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Martin contends that the district court conducted an insufficient Ameline remand, erred by failing to analyze the 18 U.S.C. § 3553(a) sentencing factors at the Ameline hearing, and applied the wrong standard of proof. The district court conducted a proper Ameline review, see United States v. Silva, 472 F.3d 683, 685 (9th Cir.2007), and the district court “properly understood the full scope of [its] discretion” following United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See United States v. Combs, 470 F.3d 1294, 1297 (9th Cir.2006).
Martin further contends that the district court erred when it failed to address his Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), claim at the Ameline hearing. Because the limited Ameline remand requires only that the district court determine what it would have done “at the time” of the original sentencing, the district court was not required to consider new evidence. See Ameline, 409 F.3d at 1083.
Mai’tin also contends that the district court improperly calculated the loss amount. We rejected this contention in Martin’s previous appeal and, under the law of the case doctrine, we are precluded from reconsidering an issue already decided. See United States v. Smith, 389 F.3d 944, 948 (9th Cir.2004) (per curiam).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.